**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Charles B. Cummins, Esq. (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Abel A. Rodriguez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL A. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>ADIR INTERNATIONAL, LLC D/B/A CURACAO; AND, EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No.: 5:23-cv-02423-AH-JCx<br><br>**PLAINTIFF ABEL A. RODRIGUEZ'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**<br><br>DATE:        March 19, 2025<br>TIME:         1:30 p.m.<br>COURTROOM:  1<br><br>HON. ANNE HWANG |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff ABEL A. RODRIGUEZ ("Rodriguez") submits the following Memorandum of Contentions of Fact and Law in accordance with Local Rule 16-4:

**L.R. 16-4.1 – CLAIMS AND DEFENSES**

    a. **RODRIGUEZ HAS PLEADED AND PLANS TO PURSUE THE FOLLOWING CLAIMS:**

        **Claim 1:** Defendant ADIR INTERNATIONAL, LLC D/B/A CURACAO ("Adir") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

        **Claim 2:** Adir violated California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, et seq. ("CCCRAA").

    b. **THE ELEMENTS REQUIRED TO ESTABLISH RODRIGUEZ'S CLAIMS ARE AS FOLLOWS:**

**Elements Required to Establish Rodriguez's Claim for Violation of the FCRA**

The elements that Rodriguez must prove to allege a violation of the FCRA are as follows:

1. Rodriguez found an inaccuracy on Rodriguez's credit report;
2. Rodriguez notified a credit reporting agency about the inaccuracy;
3. The Credit Reporting Agencies notified Adir about Rodriguez's dispute; and,
4. Adir failed to reasonably investigate the inaccuracies prior to verifying its reporting.

| CASE NO.: 5:23-cv-02423-AH-JCx | 1 OF 4 | *Rodriguez v. Adir International, et al.* |
|---|---|---|

**PLAINTIFF ABEL A. RODRIGUEZ'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**

*See Ma v. Target Corp.*, No. SACV17-01625 AG (JDEx), 2018 U.S. Dist. LEXIS 128902, at *7 (C.D. Cal. July 30, 2018) citing to *Biggs v. Experian Information Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016).

### Elements Required to Establish Rodriguez's Claim for Violation of the CCCRAA

The elements that Rodriguez must prove to allege a violation of the CCCRRA are as follows:

1. Adir is a "person" as defined by the CCCRAA;
2. Adir reported information to the Credit Bureaus regarding Rodriguez;
3. The information was inaccurate;
4. Adir was harmed; and,
5. Adir knew or should have known the information was inaccurate.

*See Robbins v. CitiMortgage, Inc.*, No. 16-cv-4732 LHK, 2017 U.S. Dist. LEXIS 209367, at *13, 39 (N.D. Cal. Dec. 20, 2017).

### c. BRIEF DESCRIPTION OF THE KEY EVIDENCE IN SUPPORT OF RODRIGUEZ'S CLAIMS

Rodriguez plans to offer the exhibits noted in the Parties' Joint Exhibit List in support of Rodriguez's claims. Said documents include:

1. Adir's records regarding Rodriguez;
2. Rodriguez's disputes;
3. Adir's investigation of Rodriguez's disputes;
4. Adir's responses to Rodriguez's disputes;
5. Dispute results from the credit bureaus;
6. The Parties' Discovery Responses herein;
7. Documents regarding Rodriguez's damages;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

8. Testimony of depositions that occurred during the course of this Action if live witnesses are unavailable.

### d. ADIR'S AFFIRMATIVE DEFENSES

Rodriguez defers to Adir's Memorandum of Contentions of Fact & Law for this information.

### e. ELEMENTS REQUIRED TO PROVE DEFENDANT'S AFFIRMATIVE DEFENSES.

Rodriguez defers to Adir's Memorandum of Contentions of Fact & Law for this information.

### f. KEY EVIDENCE IN SUPPORT OF DEFENDANT'S COUNTERCLAIM(S) AND AFFIRMATIVE DEFENSE(S)

Rodriguez defers to Adir's Memorandum of Contentions of Fact & Law for this information.

### g. THIRD PARTIES

Not applicable.

### h. IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES

Rodriguez does not anticipate evidentiary issues.

### i. IDENTIFICATION OF DISPUTES REGARDING ISSUES OF LAW

Rodriguez contends disputes will revolve around the unreasonableness of Adir's investigation; and, Adir's damages.

**L.R. 16-4.2 – [ABROGATED]**

**L.R. 16-4.3 BIFURCATION OF ISSUES**

The Parties do not request bifurcation of any issues.

**L.R. 16-4.4 – JURY TRIAL**

a. **A timely demand for a jury trial has been made.**

Rodriguez wishes to exercise Rodriguez's Seventh Amendment right to a jury trial on the issues of Adir's violations.

Fed. Rul. Civ. Proc. 38(b) provides that a party may demand trial by jury through, *inter alia*, "serving the other parties with a written demand – which may be included in a pleading." L.R. 38-1 provides:

> If the demand for a jury trial is included in a pleading, it shall be set forth at the end thereof and be signed by the attorney for the party making the demand. The caption of such a pleading shall also contain the following 'DEMAND FOR JURY TRIAL.'

Rodriguez formally demanded a trial by jury in Rodriguez's Complaint in compliance with L.R. 38-1.

**L.R. 16-4.5 – ATTORNEYS' FEES**

Rodriguez asserts that attorneys' fees are recoverable pursuant to the FCRA (15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2)); the FDCPA (15 U.S.C. § 1692k); and, CCCRAA (Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(d)) in the event that Rodriguez is the prevailing party.

**L.R. 16-4.6 – ABANDONMENT OF ISSUES**

Rodriguez has abandoned his claim pursuant to California's Identity Theft Act.

Date: February 19, 2025                                       **LOKER LAW, APC**

                                              By: ___/s/ Matthew M. Loker___
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF

# CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff Abel A. Rodriguez's Memorandum of Contentions of Fact and Law Pursuant to Local Rule 16-4* has been filed via CM/ECF on February 19, 2025.

          /s/ Matthew M. Loker
          MATTHEW M. LOKER, ESQ